

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | *Darrah* |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2031 | **DATE** | 3-31-11 |
| **CASE TITLE** | Luis Cruz (2009-0057145) vs. CCDOC. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $1.67 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Il. 60608. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(1) for failure to state a claim on which relief may be granted. The case is terminated. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

   Plaintiff, Luis Cruz, a pretrial detainee at Cook County Jail, seeks to bring this suit *in forma pauperis*. Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $1.67. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.
   Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint and dismiss the complaint or any portion of the complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that Plaintiff fails to state a claim on which relief may be granted because his present action is barred by the doctrine of *res judicata*.
   Plaintiff's present complaint alleges that on October 18, 2010, he slipped and fell due to a puddle of water on the floor. Plaintiff alleges that the puddle was on floor because Cook County Department of Corrections has been negligent in fixing a leak.
   Plaintiff's present complaint names the Cook County Department of Corrections as the sole Defendant in the caption of the complaint but lists Sheriff Thomas Dart as the sole Defendant in the list of parties.
   A review of the Court's docket reflects that Plaintiff already filed suit regarding his October 18, 2010, slip and fall. *See Cruz v. CCDOC*, Case No. 10 C 8217 (N.D. Ill.). As in the present case, Case No. 10 C 8217 identified CCDOC as the sole Defendant in the caption and listed Sheriff Thomas Dart as the sole Defendant in the list of parties. As in the present case, Plaintiff's claim is brought based on the CCDOC's negligence in repairing a leak that caused

| STATEMENT |
|---|

water on the floor and Plaintiff's October 18, 2010, fall. By Minute Order of February 11, 2011, this Court dismissed Plaintiff's complaint for failure to state a claim. Plaintiff did not seek reconsideration of the Court's dismissal and did not appeal the Court's order.

Plaintiff may not now bring what is clearly a second suit based on the same alleges stemming from his October 18, 2010, fall. The doctrine of *res judicata* bars relitigation of claims that were already decided by a court of competent jurisdiction. Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *See, e.g., San Remo Hotel, L.P. v. City and County of San Francisco, Cal.*, 545 U.S. 323, 336 (2005); *Cole v. Board of Trustees of University of Illinois*, 497 F.3d 770, 772 (7th Cir. 2007). *Res judicata* applies when (1) there has been a final judgment on the merits in an earlier action, (2) there is an identity of parties or privies in the two suits, and (3) there is an identity of the causes of action in the two suits. *Ross v. Bd. of Educ. of Twp. High Sch., Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007).

The dismissal of Plaintiff's previous suit for failure to state a claim constitutes a final decision on the merits. *See Davis v. Lambert*, 388 F.3d 1052, 1058 (7th Cir. 2004). The Defendant(s) in the previous case are included in the present case. Lastly, the claims in the present case arise from the same core facts as the previous case.

For the reasons stated above, this suit is dismissed for failure to state a claim for which relief can be granted.

Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."